IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

FILED
APR 26 2010
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

Darryl Ponce Kinnard,                    )
    Petitioner,                          )
                          )
v.                                       )        1:09cv1116 (LO/TCB)
                          )
Loretta Kelly,                           )
    Respondent.                          )

## MEMORANDUM OPINION

Darryl Ponce Kinnard, a Virginia inmate proceeding pro se, has filed a petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction of

burglary and other offenses entered on a jury verdict in the Circuit Court of Fairfax County, Virginia.

On December 29, 2009, respondent filed a Motion to Dismiss and Rule 5 Answer, along with a

supporting brief and exhibits. Kinnard was given the opportunity to file responsive materials,

pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he has filed a brief in opposition

to respondent's arguments. For the reasons that follow, Kinnard's claims must be dismissed.

## I. Background

A jury in Fairfax County found Kinnard guilty of statutory burglary, grand larceny, and

unauthorized use of a motor vehicle. Commonwealth v. Kinnard, Case No. FE-2006-68, FE-2006-

81. The opinion of the Virginia Court of Appeals issued on petitioner's direct appeal reflects the

following underlying facts:

> ... [T]he evidence established that three burglaries took place in
> Fairfax County during the course of a six-day period in November
> 2005. On November 20, 2005, a burglar broke into a bakery located
> in a strip mall in Fairfax County. The surveillance tape showed the

burglar entering at nighttime through a glass door using burglary tools. He then picked up the entire cash register and walked out of the bakery. Four days later, a burglar broke into a restaurant after dark at a nearby strip mall in Fairfax County. The surveillance video of this event showed the burglar entering through a glass door using burglary tools and walking off with a currency drawer taken out of the cash register. After dark on November 26, a burglar broke into a food market at another strip mall in Fairfax County. He used burglary tools to enter through a glass window and door and left with the entire cash resister. The strip malls were in close proximity to each other.

About a week later, a police officer noticed a vehicle at 2:00 a.m. in an empty parking lot outside a bakery in a local strip mall. Kinnard was outside peering into the closed bakery. The officer ran the license plate number through his computer database and discovered the vehicle had been reported stolen. The officer apprehended Kinnard and searched the stolen vehicle. In it, the officer found a pry bar, wire cutters, a screwdriver, black glove, a piece of a cash register, currency, and loose change. Police later searched another vehicle used by Kinnard and parked in Maryland. In this vehicle, the police found part of a cash register, a business card from the burglarized bakery, a receipt from the burglarized market, wire cutters, a flashlight, and a screwdriver.

A grand jury indicted Kinnard on several counts of grand larceny and statutory burglary related to various businesses in Fairfax County. Kinnard was also indicted for unauthorized use of a vehicle. ...

* * *

The case proceeded to trial on ... burglary and larceny charges coupled with the charge of unauthorized use of a motor vehicle. The jury found Kinnard guilty of statutory burglary and grand larceny involving the bakery on November 20, 2005, and also guilty of unauthorized use of a vehicle. The jury acquitted Kinnard of the charges related to the restaurant and food market.

Kinnard v. Commonwealth, 08 Vap UNP 2398064 (2008), slip. op. at 1 - 2; Resp. Ex. 3. On

September 29, 2006, Kinnard received a total active sentence of four years and twelve months

incarceration. Resp. Ex. A.

Kinnard filed a direct appeal of his convictions, raising the following claims:

1. His right to due process was violated when the Commonwealth used peremptory challenges in a racially discriminatory manner.

2. The trial court erred in denying his motion to suppress evidence found during a warrantless search of his aunt's home.

3. The trial court erred in granting the Commonwealth's motion to join the charges.

4. The trial court erred in admitting into evidence items of clothing seized from his aunt's house.

5. The trial court erred in admitting into evidence a surveillance video from the bakery.

A judge of the Court of Appeals denied Kinnard's petition for appeal on August 22, 2007. Kinnard v. Commonwealth, R. No. 2398-06-4 (Va. Ct. App. Aug. 22, 2007); Resp. Ex. 1. Thereafter, a panel of the Court of Appeals granted the petition for appeal on the issue of whether the trial court erred in granting the Commonwealth's motion to join the charges. Resp. Ex. 2. On July 22, 2008, the panel affirmed Kinnard's conviction in an unpublished opinion. Kinnard, 08 Vap UNP 2398064. the Supreme Court of Virginia subsequently refused Kinnard's petition for further review. Kinnard v. Commonwealth, R. No. 081515 (Mar. 9, 2009); Resp. Ex. 4.

On May 8, 2009, Kinnard submitted a petition for a state writ of habeas corpus to the Supreme Court of Virginia, reasserting the same claims he made on his direct appeal. By order entered June 12, 2009, the Court denied Kinnard's petition on the basis of "the rule in Henry v. Warden, Riverside Regional Jail, 265 Va. 246, 576 S. E. 2d 495 (2003)," which stands for the proposition that issues decided on direct appeal may not be relitigated in a habeas corpus proceeding.

<u>Kinnard v. Warden, Sussex I State Prison</u>, R. No. 090941 (Va. June 12, 2009); Resp. Ex.6.

On or about October 2, 2009, Kinnard filed the instant federal habeas petition,[1] raising the following claims:

1.   The Commonwealth violated his right to due process through use of peremptory challenges in a racially discriminatory manner.

2.   The warrantless search of his belongings at his aunt's house violated his rights.

3.   The joining of four separate charges for trial was error.

4.   Exculpatory evidence in the form of a surveillance tape showing the burglar's face was withheld from the jury.

After an initial order was entered directing Kinnard to show cause why the first claim of the petition should not be barred from federal review due to its procedural default in the state forum, Kinnard filed a "stipulation of dismissal" withdrawing his first claim.[2] (Docket # 4) On December 29, 2009,

---

[1]A pleading submitted by an incarcerated person is deemed filed when the prisoner delivers his pleading to prison officials. <u>Lewis v. City of Richmond Police Dep't</u>, 947 F.2d 733 (4th Cir. 1991); <u>see also</u> <u>Houston v. Lack</u>, 487 U.S. 266 (1988). Here, Kinnard failed to certify the date that he placed his habeas application in the prison mailing system, Pet. at 13, and it was date-stamped as received by the Clerk on October 2, 2009. Pet. at 1. Respondent acknowledges correctly that the petition was timely filed, in accordance with 28 U.S.C. § 2244. Resp. Brief at 3.

[2]When Kinnard raised his first claim on direct appeal, the Court of Appeals held that its consideration of the issue was barred by Rule 5A:18, because the argument was not first presented to the trial court. <u>Kinnard</u>, R. No. 2398-06-4, slip op. at 1. That determination, which was the last reasoned state court decision, is imputed to the Supreme Court of Virginia, which refused further appeal without explanation. <u>See</u> <u>Ylst v. Nunnemaker</u>, 501 U.S. 797, 803 (1991). Because the state courts thus declined to review the merits of petitioner's first claim on the basis of an independent and adequate state law ground, <u>Weeks v. Angelone</u>, 4 F.Supp. 2d 497, 5151 (E.D. Va. 1998) (holding that the contemporaneous objection rule of Va. Sup. Ct. Rule 5:25 is an adequate and independent state law ground), the claim is procedurally defaulted from federal review.

respondent filed a Rule 5 Answer and a Motion to Dismiss the remaining claims of the petition, along with the notice required by Roseboro, 528 F.2d at 309. Kinnard subsequently filed a brief in opposition to respondent's position. As it is uncontested that Kinnard's remaining claims were presented to and rejected on the merits by the state courts,[3] they are now ripe for review.

## II. Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudication is contrary to, or an unreasonable application of, clearly established federal law, or based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). Whether a state court decision is "contrary to" or "an unreasonable application of" federal law requires an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination runs a foul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this

---

[3]Before bringing a federal habeas petition, a state prisoner must first exhaust his claims in the appropriate state court. See 28 U.S.C. § 2254(b); Granberry v Greer, 481 U.S. 129 (1987); Rose v. Lundy, 455 U.S. 509 (1982); Preiser v. Rodriguez, 411 U.S. 475 (1973). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, a § 2254 applicant in this jurisdiction must first have presented the same factual and legal claims raised in his federal petition to the Supreme Court of Virginia on direct appeal, or in a state habeas corpus proceeding. See, e.g., Duncan v. Henry, 513 U.S. 364 (1995).

standard of reasonableness is an objective one. Id. at 410. Under this standard, "[t]he focus of federal court review is now on the state court decision that previously addressed the claims rather than the petitioner's free-standing claims themselves." McLee v. Angelone, 967 F.Supp. 152, 156 (E.D. Va. 1997), appeal dismissed, 139 F.3d 891 (4th Cir. 1998) (table).

### III. Analysis

In the second claim of this petition, Kinnard argues that his rights were violated by an unlawful search and seizure. In Stone v. Powell, 428 U.S. 465, 494 (1976), the Supreme Court held that where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial. Pursuant to Stone, a federal court may not re-examine a state court's determination that no Fourth Amendment violation occurred, or that a Fourth Amendment violation did occur but was harmless, unless it determines that the state did not provide the petitioner an opportunity for full and fair litigation of that claim. Hughes v. Dretke, 412 F.3d 582 (5th Cir. 2005), cert. denied, 546 U.S. 1177 (2006). Thus, as the Fourth Circuit Court of Appeals has observed, "Stone ... marked, for most practical purposes, the end of federal court reconsideration of Fourth Amendment claims by way of habeas corpus petitions where the petitioner had an opportunity to litigate those claims in the state court." Grimsley v. Dodson, 696 F.2d 303 (4th Cir. 1982).

In this case, Kinnard unsuccessfully challenged the denial of his motion to suppress on direct appeal. Kinnard, R. No. 2398-06-4, slip op. at 2 - 3. Therefore, it is apparent that the Commonwealth provided petitioner with an ample and appropriate opportunity for full and fair litigation of his Fourth Amendment claim. Hughes, 412 F.3d at 582. Accordingly, Stone precludes federal habeas

corpus review of Kinnard's second claim.

In his third claim, Kinnard asserts that the joinder of four separate charges for trial was error. As the respondent argues, this claim was not exhausted as an error of constitutional dimension in the state forum. In order to preserve the right to federal collateral review, a petitioner must have fairly presented to the state courts a claim that his federal rights were violated. Duncan, 513 U.S. at 365. Here, while it is true that Kinnard argued on direct appeal that the joining of separate charges for trial was error, but he did not present the issue as a question of federal law. Resp. Ex. 7 - 8. Under these circumstances, a claim of constitutional dimension relative to the joinder of the several charges for trial has not been has not been exhausted. See Satcher v. Pruett, 126 F.3d 561 (4th Cir.), cert. denied, 522 U.S. 1010 (1997) (where § 2254 petitioner on direct appeal failed to mention the federal constitution or cite cases examining a right to be tried separately under the due process clause, and instead argued only that error occurred under Virginia law, misjoinder claim had not been exhausted for purposes of federal review). Nonetheless, 28 U.S.C. § 2254(b)(2) now permits a federal court in its discretion to deny on the merits a habeas corpus claim despite the applicant's failure to exhaust available remedies in state court. Swisher v. True, 325 F.3d 225, 232-33 (4th Cir.), cert. denied, 539 U.S. 971 (2003) (affirming district court's discretionary election to deny habeas corpus relief on the merits pursuant to § 2254(b)(2), although claim was "clearly unexhausted"). Because the third claim raised in this petition is clearly without merit, the Court will exercise that discretion here.

On direct appeal in this case, the Virginia Court of Appeals determined pursuant to state law principles that the trial court did not err in permitting the Commonwealth to join separate charges for trial:

Under the circumstances of this case, we cannot say the trial court

7

abused its discretion in denying Kinnard's motion to sever the charges. Each burglary was part of a short-lived, targeted scheme with common idiosyncratic characteristics. All three burglaries included the theft of not just money, but the physical removal of the entire cash register or its currency drawer. The targeted shops, the trial court found, were in strip malls in 'close proximity' to one another. The burglaries took place within days of each other. The burglar in each incident broke through glass windows or doors at night after the shops had closed. Shortly thereafter, police apprehended Kinnard peering into a nearby business at 2:00 a.m. and driving a vehicle containing burglary tools and a piece of a cash register. In another vehicle used by Kinnard, the police found a business card from one of the burglarized businesses and a receipt from another burglarized business, along with additional burglary tools and a part from a cash register.

In short, the type of businesses targeted (strip-mall shops), their location (close proximity to each other), the kind of property taken (cash registers or parts of cash registers), the brief period of time in which the burglaries took place (a six-day period), the manner and time of entry (at night through a glass door or window) - when coupled with the facts surrounding Kinnard's apprehension and the items found in the vehicles he used - all involve circumstances that a reasonable jurist could find 'are connected or constitute parts of a common scheme or plan,' Rule 3A:6(b), to such a degree that 'justice does not require separate trials,' Rule 3A:10(c). Given the fact-specific nature of this issue, we defer to the trial court's discretionary decision to permit joinder of the offenses under the unique circumstances of this case.

Kinnard, 08 Vap UNP 2398064, slip op. at 4 - 5, footnote omitted.

Pursuant to Supreme Court precedent, a misjoinder "rise[s] to the level of a constitutional violation only if it results in prejudice so great as to deny a defendant his Fifth Amendment right to a fair trial." United States v. Lane, 474 U.S. 438, 446 n. 8 (1986) ("Improper joinder does not, in itself, violate the Constitution.") The risk created by misjoinder is that a jury may confuse the evidence and return a conviction against a defendant on a charge on which it would have acquitted had the evidence been segregated. Zafiro v. United States, 506 U.S. 534, 539 (1993). Therefore, to

8

show prejudice resulting from misjoinder, a defendant must demonstrate that there is a reasonable

probability that the jury confused evidence and convicted him of an offense for which he otherwise

would have been acquitted. See id. at 540; see also, Walker v. True, 67 Fed. Appx. 758, 764-65 (4th

Cir.), vacated on other grounds, 540 U.S. 1013 (2003) (rejecting the argument that a single trial for

predicate murder and capital murder constituted misjoinder). In this case, Kinnard has made no

showing that the joinder of several charges for trial deprived him of his right to a fair trial. Cf. Lane,

474 U.S. at 446. Indeed, the fact that Kinnard was acquitted of two of the burglaries with which he

was charged would belie any claim that the jury confused the evidence in such a way that Kinnard

was prejudiced. Cf. Zafiro, 506 U.S. at 539. Accordingly, habeas corpus relief is not warranted on

Kinnard's third claim.

In his fourth claim, Kinnard contends that exculpatory evidence in the form of a surveillance

tape showing the burglar's face was withheld from the jury. Read liberally, it appears that Kinnard

intends to assert a violation of the principles enunciated in Brady v. Maryland, 373 U.S. 83 (1963).

On direct appeal, the Virginia Court of Appeals found this argument to be without merit for the

following reasons:

> Appellant argues that the trial court erred in admitting into evidence
> a surveillance video from the Fiesta Bakery. Appellant contends that
> the video was exculpatory and the Commonwealth failed to provide
> him a copy of the video. A still photograph from the surveillance
> videotape from the bakery showed an individual wearing a Redskins
> jacket entering and taking a cash register. The Commonwealth
> provided the appellant with the still photograph from the video.
>
> '[T]here is no general constitutional right to discovery in criminal
> cases.' Martinez v. Commonwealth, 42 Va. App. 9, 26, 590 S.E. 2d
> 57, 65 (2003).
>
> In order for a defendant to establish a Brady violation,

9

he must demonstrate that the undisclosed evidence was exculpatory and material either to the issue of guilt or to the issue of punishment. The mere possibility that 'undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish 'materiality' in the constitutional sense.'

Goins v. Commonwealth, 251 Va. 442, 456, 470 S.E. 2d 114, 124 (1996) (quoting United States v. Agurs, 427 U.S. 97, 109-10 (1976)) (other citations omitted).

Since the surveillance video was admitted into evidence, the Commonwealth did not suppress the evidence and this question is without merit.

Kinnard, R. No. 2398-06-4, slip op. at 6. The foregoing reasoning is imputed to the Supreme Court of Virginia. Ylst, 501 U.S. at 803. For the reasons expressed, the Virginia court's rejection of Kinnard's third claim was neither contrary to nor an unreasonable application of the controlling Brady principles upon which it expressly relied, nor was it based on an unreasonable interpretation of the facts. Therefore, federal relief is likewise unavailable for that claim. Williams, 529 U.S. at 412-13.

## V. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss will be granted, and this petition for a writ of habeas corpus will be dismissed. An appropriate Order shall issue.

Entered this _____ day of _____ 2010.

Alexandria, Virginia

/s/
Liam O'Grady
United States District Judge

10